Diane **KLIMEK** and Noreen Kuenster, Plaintiffs,

v.

**VILLAGE OF BROADVIEW**, a Municipal Corporation of the State of Illinois, Defendant.

No. 88 C 4210.

United States District Court, N.D. Illinois, E.D.

Nov. 27, 1989.

---

Frank A. Scafuri, LaGrange, Ill., for plaintiff Diane Klimek.

John M. Sullivan, Susan L. Jantorni, Robert E. Harrington, Jr., Staehlin, Jantorni & Sullivan, Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

The motion of defendant, Village of Broadview, pursuant to Fed.R.Civ.P. 56(b), for summary judgment on the complaint of plaintiffs, Diane Klimek and Noreen Kuenster, is granted.

Plaintiffs, both women, are employed by defendant as administrative clerks. They allege that the defendant's policy of not having "step-pay" or "longevity" pay raises for administrative clerks, all of which are women, while having "step-pay" or "longevity" pay raises for other departments—police, fire, and public works—the employees of which are men, violates Title VII. 42 U.S.C. § 2000e et seq. Defendants have moved for summary judgment on two grounds; that plaintiffs' claims are not timely and that the "step-pay" or "longevity" pay raises are statutorily exempted from plaintiffs' claims because they are paid pursuant to a *bona fide* seniority or merit system. 42 U.S.C. § 2000e–2(h).

Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which support his complaint. *Id.; see First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Accordingly, the nonmoving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.*

It is an undisputed material fact that plaintiffs, Klimek and Kuenster, were hired by defendant on August 1, 1984 and September 1, 1985, respectively, at which time the pay system they challenge was already in effect and had been so for many years. As their charge of sex discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") on July 17, 1987, plaintiffs claims are untimely under *Lorance v. AT & T Technologies, Inc.,* — U.S. —, 109 S.Ct. 2261, 104 L.Ed.2d 961 (1989).

The court rejects plaintiffs' reliance on the dates on which plaintiffs requested a change in the pay system and the defendants declined to do so as an attempt to revive their claims. *See American Nurses' Association v. State of Illinois,* 783 F.2d 716, 722 (7th Cir.1986) (employers awareness of policy impact disadvantageous to women and refusal to alter wages not evidence of intent necessary for Title VII violation). Similarly, neither the police union contract nor uniform pay raises effective May 1, 1987 have any relevance to plaintiff's claims or their timeliness. Also, since the pay system treats

similarly situated employees equally, the administration of the pay system does not constitute a "continuing violation." *See Lorance,* 109 S.Ct. at 2266–67, 2269 n. 5; *Bazemore v. Friday,* 478 U.S. 385, 394, 106 S.Ct. 3000, 3005, 92 L.Ed.2d 315 (1986).

 Timeliness aside, in the alternative, defendant is entitled to summary judgment because it is an undisputed fact that the pay system challenged is a *bona fide* facially neutral seniority or merit system. *See* 42 U.S.C. § 2000e–2(h); *Altman v. AT & T Technologies,* 870 F.2d 386, 387 (7th Cir. 1989). All similarly situated employees are treated equally. Plaintiffs are simply not similarly situated to the employees of the other departments which receive "step-pay" or "longevity" pay raises. Plaintiffs have plainly failed to put forth the evidence necessary to create a genuine issue of material fact as to whether defendants had the purpose of intentionally discriminating against women at the time the pay system was adopted. *See Lorance,* 109 S.Ct. at 2267; *Pullman–Standard v. Swint,* 456 U.S. 273, 277, 102 S.Ct. 1781, 1784, 72 L.Ed.2d 66 (1982). Consequently, their claim is reduced to one based upon the theory of "comparable worth", which has been rejected by the Seventh Circuit. *See American Nurses' Association,* 783 F.2d 716.

Summary judgment is entered in favor of defendant.

IS SO ORDERED.